MANUEL RAMÍREZ SANTOS, Plaintiff and Appellant, *v.* JOSÉ DUMONT, Defendant and Appellee.

No. 5033. Argued February 19, 1930.—Decided July 15, 1930.

*José C. Rivera* for appellant. *Harry B. Llenza* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

Manuel Ramírez Santos instituted this injunction proceeding in the District Court of San Juan to restrain the defendant José Dumont from disturbing complainant in the actual possession of a parcel of land, triangular in shape and measuring 16 meters in front and ninety meters on its other sides, more particularly described in the complaint, and which forms a part of a certain rural estate belonging to the plaintiff.

The defendant denied in his answer that the parcel formed a part of the plaintiff's estate, and on the contrary he averred that it was a part of his own estate and that he is now and has been continuously in the quiet and peaceful possession thereof ever since he purchased it on July 17, 1926.

The issue being thus joined, the case went to trial. The testimony of the witnesses for both parties was conflicting. The judge took a view of the place which seems to have exercised a conclusive influence on his mind in deciding the case in favor of the defendant.

The plaintiff thereupon took an appeal. He assigns two errors claimed to have been committed by the court "in concluding that there had not been any disturbance of the possession of the parcel of land in litigation," and "in concluding that the issue herein is merely a dispute between adjoining property owners." The argument under both assignments contains an analysis of the evidence heard. In commenting on that evidence and in comparing his viewpoint with the judgment of the trial court, counsel for plaintiff has done so in such an uncalled for and disrespectful manner, especially by including, as he did, in his argument facts which do not appear from the record, that we have deemed it proper to call his attention to it and to censure his conduct.

From an examination of plaintiff's evidence we find that the testimony of the complainant himself is vague and un-

certain as to the time when the fence was moved. The testimony of Ramón Fernández and José Pérez is more definite and establishes indeed a prima facie case in favor of the plaintiff. But the defendant also introduced evidence, and disregarding his own testimony which, like that of the plaintiff, is vague, the testimony of his witnesses, Frank Becerra and Emilio Acosta, proves likewise a prima facie case in his favor. So, according to the evidence of plaintiff, he was and had been in the actual possession of the parcel of land for more than a year prior to the building of the fence by the defendant, who disturbed him in his possession; and, according to the evidence of the defendant, the latter has always been in possession of the parcel since he purchased the estate of which it forms a part in 1926, and that what he did regarding the fence was to repair it on the same place where it was, and not to erect it again on another place encroaching on the property of the plaintiff and disturbing him in his possession.

The evidence, therefore, is conflicting and in weighing it the judge adjusted the conflict in favor of the defendant as a result of the view of the premises taken by him. There is nothing to show that he was moved by passion, prejudice or bias. No manifest error is shown either. Hence, the order appealed from must be affirmed.